UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIDMYLA IEGOROVA,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>YSHAY SHLESINGER,<br><br>　　　　Defendant. | No. 2:16-cv-2930-KJM-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

The court previously granted plaintiff's request to proceed *in forma pauperis*, but dismissed the original complaint with leave to amend pursuant to 28 U.S.C. 1915(e)(2).[1] ECF No. 3. Plaintiff has since filed a first amended complaint. ECF No. 4. As explained below, the amended complaint fails to cure the defects that resulted in dismissal of the original complaint, and it too must be dismissed for failure to state a claim.[2]

As previously explained to plaintiff, although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] Within the first amended complaint, plaintiff requests that the court subpoena phone records from the employees of defendant Yshay Shlesinger. As the amended complaint must be dismissed for failure to state a claim, that request is denied as moot.

1

that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction

of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

The original complaint alleged that plaintiff called defendant Dr. Yshay Shlesinger's office to make a medical appointment, but defendant's staff refused to talk to plaintiff. Plaintiff alleged that she drove to defendant's office the following day, but defendant refused to make an appointment or otherwise meet with plaintiff. The order dismissing the complaint pointed out that plaintiff's sole claim alleged a violation of 18 U.S.C. § 241, but that this criminal statute does not create a private right of action. ECF No. 3. Accordingly, the complaint was dismissed with leave to amend.

The first amended complaint again names Yshay Shlesinger as the only defendant but asserts no factual allegations against Dr. Shlesinger. ECF No. 4. Instead, the complaint consists of seemingly delusional allegations concerning various government conspiracies having nothing to do with the named defendant. Plaintiff alleges that President Trump stopped her social security disability payments in early 2017. She also claims that the United States government is requiring all citizens of Ukraine to report to the United States embassy in Moscow for a "refugee status interview." *Id*. at 3. She further alleges that FBI employees have blocked her case at the embassy in Moscow, and that "Mr. Putin (employee KGB in Germany)" has bribed embassy officials since 1989 to adversely impact plaintiff's health. *Id*. Mr. Putin has also allegedly continued to pay money to the FBI, the Secret Service, and President Trump to damages plaintiff's health "with shot red light in Costco Store." *Id*. at 3-4. Based on these allegations, the complaint seeks 500 billion dollars in damages against defendant Shlesinger. Plaintiff also seeks damages against the State of California for providing Dr. Shlesinger a license to practice medicine in California.[3]

---

[3] Plaintiff's also contends that the undersigned ignored her right to due process by "not scheduling a hearing in order to continue crimes against [plaintiff], since 2016." ECF No. 4 at 2. She also claims that the undersigned paid money to "all members [of the] California Bar Association." *Id*. The relevance of such allegations is not evident. Plaintiff does not purport to allege a claim against the undersigned, nor does she request recusal. Moreover, dismissing plaintiff's original complaint without a hearing does not provide a basis for recusal. *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) ("A judge's previous adverse ruling alone is not

3

The complaint does not, however, identify any specific cause of action. Nor does it contain coherent factual allegations that could plausibly support a cognizable claim for relief against Yshay Shlesinger, the only defendant identified in the amended complaint's caption page.[4] Accordingly, plaintiff's complaint must be dismissed.

Given plaintiff's complete failure to remedy the deficiencies identified by the court in the prior dismissal order and the lack of any plausible claim in the amended complaint, the court finds that further amended would be futile. Accordingly, plaintiff's first amended complaint should be dismissed without leave to amend. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is ORDERED that plaintiff's request to subpoena documents from defendant Ysnay Shlesinger's employees is denied.

Further, it is RECOMMENDED that plaintiff's first amended complaint (ECF Nos. 4) be dismissed without leave to amend and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

---

sufficient bias."). Further, plaintiff's claim that the undersigned paid money to every member of the California Bar Association, even if true, fails to demonstrate bias or a lack of impartiality over plaintiff's case. *See* 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."); 28 U.S.C § 455(b)(1) (recusal required where judge has "a personal bias or prejudice concerning a party . . . .").

[4] Plaintiff does seek damages from the State of California for providing Dr. Shlesinger a medical license. Even if the court were to construe such allegations as an attempt to name California as a defendant, the amended complaint still fails to state a claim against California. Plaintiff does not allege any specific cause of action against California, nor does he allege any facts that could support a claim for relief against the state.

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 21, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE